IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| J. D. MARCHBANKS, individually and on behalf of other similarly situated persons,<br><br>        Plaintiff,<br>v.<br><br>BEELMAN RIVER TERMINALS, INC.,<br><br>Serve: Frank J. Beelman, III<br>       1 Racehorse Drive<br>       East St. Louis, Illinois 62205-0000<br><br>        Defendant. | Case No. 3:06-cv-00720-DRH-CJP<br><br>Div. _____ |

## COMPLAINT

Plaintiff J. D. Marchbanks, individually and on behalf of all others similarly situated, by and through his undersigned counsel, for his Complaint against Beelman River Terminals, Inc. ("Beelman"), states:

### JURISDICTION AND VENUE

1.  The Fair Labor Standards Act of 1938, ("FLSA"), as amended, 29 U.S.C. § 201 *et. seq.*, in relevant part, authorizes court actions by private parties to recover damages for violation of the FLSA's overtime provisions. Jurisdiction over Plaintiff's FLSA claims is based upon Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.

2.  Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant does business, or has done business, in this District and unlawful conduct giving rise to the claims occurred in this District.

## PARTIES

3. Plaintiff is a former laborer employed by Defendant in Venice, Illinois, within the last three years. Plaintiff's written consent to become a party Plaintiff, pursuant to 29 U.S.C. § 216(b), is attached hereto as Exhibit A.

4. Defendant is a Missouri corporation with its principal place of business in this District in Illinois.

## FACTS

5. Plaintiff and all other similarly situated persons are current or former laborers employed by Defendant in this District.

6. All laborers employed by Defendant in this District over the last three years have had similar job duties, such as spraying water to minimize dust from loads of coal and coke at Defendant's Venice facility; tying down the barges which dock at the facility; cleaning up the facility; operating and servicing the machinery used to move freight at the facility; and loading and unloading freight at the facility.

7. None of the above-described laborers at Defendant's Venice facility exercises any judgment or discretion about the safe loading of freight.

8. During the past three years, laborers at Defendant's Venice facility were routinely required to work far in excess of 40 hours per week, including a normal schedule of 5:30 a.m. to 5:30 p.m. Monday through Friday and 6:00 a.m. to 12:00 p.m. on Saturday.

9. All of the above-described laborers at Defendant's Venice facility were paid hourly.

10. Laborers at Defendant's Venice facility were required to record their time by punching a time clock.

11. The above-described laborers at Defendant's Venice facility were not compensated for any of the substantial overtime hours which they worked.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff reasserts and re-alleges the allegations set forth in paragraphs 1 through 11 above.

13. Plaintiff brings the FLSA claims as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's practice of failing to pay for all overtime hours worked by laborers at Defendant's Venice facility.

14. The class of employees on behalf of whom Plaintiff brings this "opt-in" collective action is similarly situated because those employees have been or are employed in positions similar to Plaintiff's and were subject to the same or similar unlawful practices as Plaintiff. The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendant, and potential Plaintiffs may easily and quickly be notified of the pendency of this action.

## CLAIM

### Violation of the Fair Labor Standards Act of 1938

### (Brought on Behalf of Plaintiff and All Others Similarly Situated)

15. Plaintiff reasserts and re-alleges the allegations set forth in paragraphs 1 through 14 above.

16. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

17. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods

3

for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

18. Defendant was, and is, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

19. Defendant willfully violated the FLSA by failing to pay laborers for overtime.

20. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime pay obligations set forth under Section 7(a)(1) of the FLSA. None of the FLSA exemptions applies to laborers such as Plaintiff. Accordingly, Plaintiff must be paid overtime pay in accordance with Section 7 of the FLSA.

21. Plaintiff and all similarly situated employees are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all laborers at Defendant's Venice facility.

22. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard for the matter of whether its conduct was prohibited by Section 6(a) of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 255(a).

23. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to Section 16(b) of the FLSA. Alternatively, should the Court find that Defendant did not act willfully in failing

to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

24. As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff for which Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant Beelman River Terminals, Inc., and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief the Court deems fair and equitable.

### DESIGNATION OF PLACE OF TRIAL

Plaintiff designates East St. Louis, Illinois, as the place of trial.

### DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury of all issues triable by jury.

**Dated: September 15, 2006**

*/s/ Michael B. Marker*
MICHAEL B. MARKER
THE REX CARR LAW FIRM, LLC
412 Missouri Avenue
East St. Louis, Illinois 62201
618/274-0434 (office)
618/274-8369 (fax)
mmarker@rexcarr.com

TERESA A. WOODY (*pro hac vice* motion pending)
MARK V. DUGAN (*pro hac vice* motion pending)
STUEVE SIEGEL HANSON WOODY LLP
330 West 47th Street, Suite 250
Kansas City, Missouri 64112
816/714-7112 (office)
816/714-7101 (fax)
woody@sshwlaw.com
dugan@sshwlaw.com

Attorneys for Plaintiff