IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**J.D MARCHBANKS,**

**Plaintiff,**
v.                                                                    No. 3:06-CV-720-DRH-CJP
**BEELMAN RIVER TERMINALS, INC.,**

**Defendant.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

Before the Court is Plaintiff's motion to strike certain affirmative defenses (Doc. 8). Specifically, Plaintiff moves to strike Defendant's Second, Fourth, Fifth, Eighth, Ninth, Tenth, Eleventh, Twelfth, Fifteenth, Sixteenth, Seventeenth, and Eighteenth affirmative defenses. Based upon the Defendant's failure to properly plead the defenses asserted, the Court **GRANTS** Plaintiff's motion.

On September 18, 2006, Plaintiff J.D. Marchbanks filed a Complaint against Beelman River Terminals, Inc. with this Court (Doc. 2-1). The Complaint alleges that Defendant failed to pay the Plaintiff and several other laborers for overtime in violation of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. Sew*.,("FLSA"). *Id.* at p. 3-4. Defendant filed its answer and affirmative defenses on October 13, 2006 (Doc. 6). On November 2, 2006, Plaintiff filed a motion to strike certain affirmative defenses (Doc. 8). On November 10, 2006, Defendant filed

a response (Docs. 10 & 11). [1]

## II. Analysis

The proper way for a plaintiff to challenge a legally insufficient affirmative defense is a motion to strike the defense under **Fed. R. Civ. P. 12(f)**. Motions to strike, however, are generally disfavored as they potentially serve only to delay. ***Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)**. But where motions to strike "remove unnecessary clutter from the case, they serve to expedite, not delay." ***Id.***

Affirmative defenses, as pleadings, are subject to all pleading requirements of the Federal Rules of Civil Procedure and must therefore set forth a short and plain statement of the defense. **Fed. R. Civ. P. 8(a);** ***Heller*, 883 F.2d at 1294.** An affirmative defense which is insufficient on its face, which comprises no more than a bare conclusory allegation, or which consists of an unsupported legal conclusion will generally be stricken. ***Heller*, 883 F.2d at 1294.** Furthermore, simply naming a legal theory without indicating how it is connected to the case at hand is not sufficient to withstand a motion to strike. ***Renalds v. S.R.G. Rest. Group*, 119 F.Supp.2d 800, 803 (N.D. Ill. 2000)**.

### A. Defendant's Fourth and Fifth Affirmative Defenses

Under **Fed. R. Civ. P. 8**, pleadings must contain a short and plain statement setting forth the reasons for which the party pleading is entitled to the

---

[1] In its response, Defendant states that it withdraws its Eighth, Eleventh, Fifteenth and Eighteenth affirmative defense without prejudice at this time (Doc. 10, ¶ 4).

claim or defense.  The U.S. Supreme Court has determined that while facts need not be extensive, they must give the opposing party fair notice of what is being asserted. **Conley v. Gibson, 355 U.S. 41, 47 (1957)**.

Here, Defendant asserts that Plaintiff is an exempt employee under the Fair Labor Standards Act and is not entitled to overtime compensation.  Defendant further states that Plaintiff was at all times engaged in performing work that was exempt from the FLSA overtime provisions.  Defendant does not, however, state the specific provisions of the Act that make Plaintiff exempt from its provisions.  Neither does Defendant state any factual basis for claiming Plaintiff is exempt from overtime pay under the Act.  It is required by **Fed. R. Civ. P. 8(c)** that affirmative defenses be specifically pleaded.  This Court finds that the Defendant's failure to cite the specific FLSA exemption that applies to this case neither meets this requirement nor places the Plaintiff on notice of the defense.  Thus, the Court strikes Defendant's Fourth and Fifth affirmative defenses.

**B.   Defendant's Twelfth, Sixteenth, and Seventeenth Affirmative Defenses**

The Seventh Circuit has held that affirmative defenses should be stricken if they are bare conclusory allegations that omit any short and plain statement of facts and fail to allege the necessary elements of the alleged claim. **Heller, 883 F.2d at 1294**.  In its Twelfth affirmative defense, Defendant merely states that Plaintiff's claims are barred by estoppel.  This claim fails to state the particulars of the doctrine that apply to this case.  Furthermore, it fails to state any

specific facts that would establish a defense of estoppel under the FSLA. While Defendant's response states the particular defense, namely the "Good Faith Defense" under the FLSA, and details facts that would place the Defendant within the purview of this defense, Defendant fails to plead these specifics within his affirmative defense. Thus, the Court strikes Defendant's Twelfth affirmative defense.

Further, the Court finds that Defendant's Sixteenth and Seventeenth affirmative defenses also state only bare conclusory allegations. Defendant asserts in its Sixteenth affirmative defense that "Plaintiff's claims are barred by the doctrine of accord and satisfaction. This defense does not state either the specifics of the accord and satisfaction defense or any facts to support the contention that Plaintiff is barred from bringing suit under this defense. Regarding the merits of this defense, if Defendant had properly pled the defense, it would have asserted a valid defense under the FLSA. Although the Seventh Circuit has held the FLSA to prohibit claims of accord and satisfaction based solely upon an agreement to waive such claims, the Seventh Circuit has determined that limited claims of accord and satisfaction can exist under the FLSA. **Walton v. United Consumers Club, Inc., 786 F.2d 303, 306 (7th Cir. 1986)**. If there exists a waiver of future claims in combination with a settlement to compensate the employee for the waiver of his rights, the defense of accord and satisfaction can be pled under the FLSA. *Id.* However, Defendant failed to place Plaintiff on notice by giving a factual basis for this defense, therefore, the Court strikes Defendant's Sixteenth affirmative defense as it is a bare conclusory

allegation.

The Court finds that the same reasoning applies to Defendant's Seventeenth affirmative defense. The Seventeenth affirmative defense merely states: "Plaintiff's claims are barred because the Plaintiff has released any and all claims which are subject of the Compliant." Thus, the Court strikes this affirmative defense.

### C.  Defendant's Second, Ninth, and Tenth Affirmative Defenses

With regards to Defendant's Second affirmative defense alleging a prohibition against class action claims for wages or overtime, this defense is also stricken as it pertains to class actions and the present action is a collective action. Defendant's Ninth and Tenth affirmative defenses also speak specifically to class actions rather than collective actions. As the requirements pertaining to class actions are different from those governing collective actions, these defenses do not apply to the instant case and are therefore stricken. ***King v. General Elec. Co., 960 F.2d 617, 621 (7th Cir. 1992)***.

### III. Conclusion

Accordingly, the Court **GRANTS** Plaintiff's motion to strike certain affirmative defenses (Doc. 8).

**IT IS SO ORDERED.**

Signed this 30th day of April, 2007.

/s/     David    RHerndon
**United States District Judge**